# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3050

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Robert L. Abbott, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 13, 2004
Filed: June 10, 2005

_____

Before LOKEN, Chief Judge, RICHARD S. ARNOLD[*] and FAGG, Circuit Judges.

_____

PER CURIAM.

A jury convicted Robert L. Abbott of conspiracy to distribute five kilograms or more of cocaine and of aiding and abetting the distribution of five kilograms or more of cocaine. The district court sentenced Abbott to 360 months in prison, in the middle of the guidelines range of 324 to 404 months. Abbott appealed, and we affirmed. United States v. Abbott, 2004 WL 960035 (8th Cir. May 5, 2004). We held the evidence was sufficient to convict Abbott of conspiracy to distribute cocaine, the district court properly calculated the quantity of drugs attributable to Abbott for the

_____

[*]The Honorable Richard S. Arnold died on September 23, 2004. This opinion is being filed by the remaining judges of the panel under 8th Cir. R. 47E.

purpose of determining his base offense level of 36, the district court properly increased Abbott's base offense level by three for being a manager or supervisor of criminal activity that involved five or more participants or was otherwise extensive, and the district court properly increased Abbott's offense level by two for obstruction of justice. Abbott petitioned the United States Supreme Court for a writ of certiorari. After we issued our decision in May 2004, the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005) (holding federal sentencing guidelines merely advisory). The Court granted the petition, vacated our judgment, and remanded the case for further consideration in light of Booker. Abbott v. United States, No. 04-5721 (U.S. Jan. 24, 2005). For the reasons stated in our earlier opinion, we affirm Abbott's conviction.

Having carefully considered the issue, we conclude we need not remand to the district court for reconsideration of Abbott's sentence. In objecting to the presentence report's drug quantity recommendation, Abbott merely stated the amount should be limited to the cocaine he personally sold, and should not include the drugs sold by coconspirators because those amounts were not reasonably foreseeable to him. He did not challenge the facts contained in the presentence report. Likewise, in commenting on the obstruction of justice enhancement, Abbott merely stated he did not believe the jury's rejection of his testimony alone was enough reason to warrant it. Later, at sentencing, Abbott did not object to the constitutionality of the guidelines or to factfinding by the district court. At no time did Abbott refer to the Sixth Amendment, Apprendi v. New Jersey, 530 U.S. 466 (2000), or Blakely v. Washington, 124 S. Ct. 2531 (2004), the bases for the holding in Booker. Thus, Abbott did not preserve a Booker objection in the district court, and we review any Booker mistake for plain error under United States v. Olano, 507 U.S. 725 (1993). United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc). To establish plain error, Abbott must "show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." Id. at 552. The record before us shows Abbott has not met this burden.

-2-

Indeed, just before sentencing Abbott, the district court noted he was responsible for a major drug conspiracy, and right after imposing sentence, the court stated she did not believe anything Abbott said and almost sentenced Abbott at the top the guidelines range.

Accordingly, we reaffirm Abbott's conviction and sentence.

_____